Case 4:20-cv-01246 Document 28 Filed on 05/28/21 in TXSD Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
May 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY MCMINN a/k/a CAMILLA/KAYMA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-1246 |
| D. HOUSTON, INC. d/b/a TREASURES, ALI DAVARI, HASSAN DAVARI, and BILL DOE, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kelly McMinn ("McMinn"), filed this action against defendants, D. Houston, Inc., d/b/a Treasurers, Ali Davari, Hassan Davari, and Bill Doe ("Defendants"), for damages resulting from Defendants violating the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and illegally absconding with the Plaintiff's tips. Pending before the court is Defendants' Motion to Strike Untimely Consent to Join Forms and Dismiss Opt-In Plaintiffs for Improper Joinder ("Defendants' Motion to Strike") (Docket Entry No. 23), Plaintiff's Response in Opposition to Defendants' Motion to Strike Consent Forms & to Dismiss Opt-In Plaintiffs and Plaintiff's Opposed Motion for Leave to File First Amended Complaint ("Plaintiff's Response in Opposition and Motion to Amend")(Docket Entry No. 24), and Defendants' Reply in Support of Motion to Strike

1

and Response to Plaintiff's Motion for Leave to File First Amended Complaint ("Defendants' Reply") (Docket Entry No. 27). For the reasons stated below, Defendants' Motion to Strike will be granted, and Plaintiff's Motion to Amend will be denied.

## I. Background

Alleging that from approximately May 2019 through July 2019 she worked as an exotic dancer at Treasurers,[1] where Defendants wrongfully misclassified her as an independent contractor not entitled to minimum wages and overtime pay required by the FLSA,[2] Plaintiff filed this action on April 8, 2020, "individually and on behalf of all others similarly situated."[3]

In the Joint Discovery/Case Management Plan filed on July 21, 2020, in response to the directive to "[d]escribe class-action issues," the parties represented that "Plaintiff will move for conditional certification."[4]

On July 24, 2020, the court entered the Docket Control Order ("DCO"), which sets October 2, 2020, as the deadline for filing motions to amended pleadings and motions to add parties; June 11,

---

[1] Plaintiff's Original Complaint, Docket Entry No. 1, p. 8 ¶ 32. Page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2] Id. at 1-2 ¶ 2.

[3] Id. at 1. See also id. at 16-18 ¶¶ 79-95.

[4] Docket Entry No. 16, p. 2 ¶ 8.

2021, as the deadline for completing discovery; and August 13, 2021, as the date for Docket Call.[5]

On November 12, 2020, over one month after the deadline for motions to add new parties, Plaintiff's counsel filed a "Consent Form for Wage Claim" on behalf of Mary Stumbaugh, which stated that "[t]o the best of my knowledge, I meet the following criteria: I worked for Treasures as a dancer at some point between September 2019 and July 2020."[6]  On December 4, 2020, Plaintiff's counsel filed a second "Consent Form for Wage Claim" on behalf of Kiersten Middaugh, which stated that "[t]o the best of my knowledge, I meet the following criteria: I worked for Treasures as a dancer at some point between 2015 through 2019."[7]  Both Stumbaugh and Middaugh also stated that "[i]f my consent form is stricken or if I am for any reason not allowed to participate in this case, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer."[8]

On March 30, 2021, over five months after the deadline for motions to add new parties, Plaintiff's counsel filed a "Consent Form for Wage Claim" on behalf of Lorenza Lombana, which stated that "[t]o the best of my knowledge, I meet the following criteria:

---

[5] Docket Entry No. 19, pp. 1-2 ¶¶ 1-2, 6, and 12.

[6] Docket Entry No. 20-1, ¶ 3.

[7] Docket Entry No. 21-1, ¶ 3.

[8] Docket Entry Nos. 20-1 and 21-1, ¶ 4.

3

I worked for Treasures as a dancer at some point between July 2017 through 2018."[9]  Like Stumbaugh and Middaugh, Lombana states that "[i]f my consent form is stricken or if I am for any reason not allowed to participate in this case, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer."[10]

Defendants urge the court to strike all three consent forms, and to dismiss the opt-ins from this action without prejudice as improperly joined under Federal Rule of Civil Procedure 21.[11]

Plaintiff responds by asking the court to deny Defendants' Motion to Strike, and by filing Plaintiff's Motion for Leave to File an Amended Complaint joining the three opt-ins as additional plaintiffs in this case.[12]  Citing Federal Rules of Civil Procedure 16(b) and 20(a)(1), Plaintiff argues that good cause exists to allow her amendment and that

> there is no evidence that Defendants will be prejudiced by any delay that may result from the late joinder of these plaintiffs, particularly in light of the fact that the parties have recently agreed to a 45-day extension of the discovery deadline and other pretrial deadlines to allow the parties to complete outstanding discovery.[13]

---

[9] Docket Entry No. 22-1, ¶ 3.

[10] Id. ¶ 4.

[11] Defendants' Motion to Strike, Docket Entry No. 23, p. 8.

[12] Plaintiff's Response in Opposition and Motion to Amend, Docket Entry No. 24, p. 2.  See also Plaintiff's First Amended Complaint, Docket Entry No. 24-2.

[13] Id.  See also id. at 6 ("Defendants will not be prejudiced
(continued...)

4

## II. **Standard of Review**

If a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 15(a) provides the standard for requests to amend that are filed before the scheduling order's deadline has expired, and Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend that are filed after the scheduling order's deadline has expired. See Marathon Financial Insurance, Inc., v. Ford Motor Co., 591 F.3d 458, 470 (5th Cir. 2009). Because a scheduling order has been entered in this case, and because Plaintiff filed the pending Motion to Amend on April 30, 2021, over six months after the scheduling order's deadline for filing motions to amend the pleadings expired on October 2, 2020, Rule 16(b) governs the pending Motion to Amend.[14]

"Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" Id. (quoting Fed. R. Civ. P. 16(b)(4)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the

---

[13](...continued)
if the amended pleading and joinder of these additional plaintiffs is allowed because discovery has not been completed in this case, no depositions have been taken yet, and the parties have agreed to a 45-day extension of the discovery deadline and remaining pre-trial deadlines.").

[14]Docket Control Order, Docket Entry No. 19, filed on July 24, 2020.

5

party needing the extension.'" S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003)(quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).  To determine whether the moving party has established good cause, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  Marathon, 591 F.3d at 470 (quoting Southwestern Bell Telephone Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing S&W Enterprises, 315 F.3d at 536)).  If a movant establishes good cause to extend the scheduling order, courts analyze the motion to amend under Rule 15(a).  S&W Enterprises, 315 F.3d at 536.

### III. Analysis

Plaintiff filed the pending motion to amend on April 30, 2021, in response to Defendants' pending Motion to Strike.  Plaintiff seeks leave to amend to add three additional plaintiffs, Stumbaugh, Middaugh, and Lombana.  Plaintiff argues that there is good cause for her late amendment because the joinder deadline passed in the months leading up to the issuance of the Fifth Circuit's opinion in Swales v. KLLM Transportation Services, L.L.C., 985 F.3d 430, 434 (5th Cir. 2021), which rejected the commonly accepted standard for

6

conditional certification under the FLSA established in Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987). Asserting that "Swales drastically altered the landscape of wage and hour litigation in the Fifth Circuit,"[15] Plaintiff argues that

> [a]s a result, plaintiffs in pending FLSA collective actions, like McMinn, were forced to reassess and reevaluate their ability to seek conditional certification of a collective action under the FLSA. The sweeping effect of the Swales opinion justifiably gives Plaintiff pause in seeking conditional certification of her collective action claims. Notwithstanding, since the Court has not yet issued a deadline for Plaintiff to file its motion for certification or notice in this case, Plaintiff rejects Defendants' attempt to impose an arbitrary deadline by which Plaintiff was purportedly required to make this showing. Thus, although Plaintiff does not intend to seek conditional certification of her collective action at this time, Plaintiff maintains that she may exercise her right to do so until such time that the Court has issued a deadline for the making of such motion. Notably, but for nonbinding authorities from district courts in other jurisdictions, Defendants fail to cite any authority for its proposition that time for Plaintiff to seek conditional certification and make the requisite "similarly situated" showing has passed. Defendants seek to impose an arbitrary deadline on Plaintiff and opt-in plaintiffs right to pursue their claims as a collective action when this matter is solely within the discretion of this Court, which, to date, has not issued any deadline for Plaintiff to file or bring a motion for notice or conditional certification. In light of the parties' agreement to extend the discovery deadline and all pretrial deadlines for 45-days, dismissal of the opt-ins for this reason is inappropriate.[16]

---

[15]Plaintiff's Response in Opposition and Motion to Amend, Docket Entry No. 24, p. 3.

[16]Id.

Asserting that "[i]f the outcome Defendants seek is permitted, Plaintiff and the opt-ins will suffer undue prejudice and unfair surprise in the pursuit of their claims unjustifiably and without fair notice and hearing,"[17] Plaintiff

> asks the Court to reject Defendants' motion to dismiss the opt-ins in this case and issue an order providing a deadline by which Plaintiff must either file her motion for conditional certification or motion for notice or notify the Court of her intention not to pursue her FLSA claims as a collective action.[18]

Defendants argue that neither Plaintiff's indecision, the scheduling order's lack of a certification deadline, the Fifth Circuit's issuance of the <u>Swales</u> opinion, nor Plaintiff's failure to pursue discovery constitutes "good cause" for Plaintiff's untimely motion to file an amended complaint to add new parties.[19] Defendants argue that Plaintiff cannot show good cause to amend because she has no reasonable explanation for her delay in seeking to amend, and she has had more than enough time to weigh and execute her procedural options.[20]

---

[17] <u>Id.</u>

[18] <u>Id.</u> at 3-4.

[19] Defendants' Reply, Docket Entry No. 27, pp. 3-6.

[20] <u>Id.</u> at 2.

### A. Plaintiff Has No Reasonable Explanation for Delay

Plaintiff has neither argued nor cited any evidence from which the court could conclude that she was not aware of the plaintiffs she seeks to join before the deadline for adding parties expired, or that if she had acted diligently she could not have learned of them in time to meet the deadline of October 2, 2020, for filing motions to amend pleadings and add new parties. Instead, Plaintiff argues that "the sweeping effect of the Swales opinion justifiably gives Plaintiff pause in seeking conditional certification of her collective action claims."[21]

The Fifth Circuit issued the Swales opinion on January 12, 2021, over three months after the date for filing motions to amend and add new parties expired on October 2, 2020, over two months after Plaintiff's counsel filed the "Consent Form for Wage Claim" for Stumbaugh on November 12, 2020, and over one month after Plaintiff's counsel filed the "Consent Form for Wage Claim" for Middaugh on December 4, 2020. Although Plaintiff states that she "does not intend to seek conditional certification of her collective action at this time,"[22] she fails to offer any reason why she waited until April 30, 2021, to file her Motion to Amend. The court is therefore persuaded that plaintiff has no reasonable explanation for delay in seeking leave to amend to add new parties,

---

[21]Plaintiff's Response in Opposition and Motion to Amend, Docket Entry No. 24, p. 3.

[22]Id.

and that this factor weighs in favor of granting Defendants' Motion to Strike and denying Plaintiff's Motion to Amend.

### B.   Plaintiff Has Failed to Show that Joinder Is Important

Plaintiff has neither argued nor cited any evidence from which the court could conclude that the proposed addition of three new plaintiffs is important, or that Plaintiff or any of the three proposed additional plaintiffs will be unjustly prejudiced if Plaintiff's Motion to Amend is denied.  The First Amended Complaint that Plaintiff seeks leave to file does not allege new conduct, new causes of action, or new theories of recovery.[23]  Moreover, all three of the proposed plaintiffs have stated that "[i]f my consent form is stricken or if I am for any reason not allowed to participate in this case, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer."[24]  Because Plaintiff seeks only to add new plaintiffs, and does not seek to add new causes of action or new theories of recovery, and because each of the three proposed plaintiffs have authorized Plaintiff's counsel to file suit for them individually if Plaintiff's Motion to Amend is denied, the court concludes that plaintiff has failed to show that the proposed joinder is important, or that she or any of the three proposed new

---

[23]Plaintiff's First Amended Complaint, Docket Entry No. 24-2.

[24]Docket Entry Nos. 20-1, ¶ 4; 21-1, ¶ 4; and 22-1, ¶ 4.

plaintiffs would be prejudiced if her motion to amend is denied. The court is therefore persuaded that the importance factor weighs in favor of granting Defendants' Motion to Strike and denying Plaintiff's Motion to Amend.

### C. The Potential Prejudice to the Defendants Cannot Be Cured by a Continuance

Plaintiff argues that

> there is no evidence that Defendants will be prejudiced by any delay that may result from the late joinder of these plaintiffs, particularly in light of the fact that the parties have recently agreed to a 45-day extension of the discovery deadline and other pretrial deadlines to allow the parties to complete outstanding discovery.[25]

Citing Plaintiff's request for an "order providing a deadline by which Plaintiff must file her motion for conditional certification . . . or notify the Court of her intention . . ."[26] Defendants argue that "[t]he effect of such an order would no doubt require months of additional discovery, brand new briefing deadlines, and the postponement of trial well into next year. Defendants should not be penalized for [Plaintiff's] inaction."[27] Quoting Waobikeze v.

---

[25] Plaintiff's Response in Opposition and Motion to Amend, Docket Entry No. 24, p. 2. See also id. at 6 ("Defendants will not be prejudiced if the amended pleading and joinder of these additional plaintiffs is allowed because discovery has not been completed in this case, no depositions have been taken yet, and the parties have agreed to a 45-day extension of the discovery deadline and remaining pre-trial deadlines.").

[26] Id. at 3-4.

[27] Defendants' Reply, Docket Entry No. 27, pp. 4-5 (quoting (continued...)

11

Texas Educational Foundation, Inc., Civil Action No. H-15-0971; 2016 WL 7742815, at *1 (S.D. Tex. March 15, 2016), Defendants argue that "[a]ny certification at this point, conditional or otherwise, would be unduly prejudicial to defendant and cause unreasonable delay in the trial of this action."[28]

Plaintiff's statement that she "does not intend to seek conditional certification of her collective action at this time, [but] maintains that she may exercise her right to do so until such time that the Court has issued a deadline for making of such a motion,"[29] all but concedes that granting her motion to amend will prejudice defendants and needlessly consume scarce judicial resources by requiring not just new pleadings, but also a new scheduling order that will delay the resolution of the case. This action has been pending for over a year. The deadlines for filing amended pleadings and adding new parties was October 2, 2020; the deadline for identification of experts and production of expert reports by the party with the burden of proof was March 1, 2021; and the deadline for the identification of responsive experts and production of response experts' reports was April 2, 2021. Although the Docket Control Order does not state a specific date

---

[27](...continued)
Plaintiff's Response in Opposition and Motion to Amend, Docket Entry No. 24, pp. 3-4).

[28]Id. at 5.

[29]Plaintiff's Response in Opposition and Motion to Amend, Docket Entry No. 24, p. 3.

for filing a motion for collective action treatment, the time for doing expired along with the deadline for filing motions to amend and add new parties. See Gallender v. Empire Fire and Marine Insurance Co., Civil Action No. 5:05cv220, 2007 WL 325792, at *2 (S.D. Miss. January 31, 2007) ("Since the deadline for filing a motion for joinder has passed, so too has the plaintiff's ability to file for certification of a collective action.").

The deadline for completion of discovery is June 11, 2021, for submission of the Joint Pre-Trial Order is August 6, 2021, and Docket Call is set for August 13, 2021.[30] Yet, plaintiff acknowledges that little, if any, discovery has taken place.[31] The court is not persuaded that the time for filing pleadings, adding new parties, and seeking conditional certification should be reopened to accommodate the Plaintiff's lack of diligence in this case. Allowing the proposed amendment would not only require the court to abandon all established deadlines in this case, but would also delay the trial and thereby prejudice the defendants and the court. The court thus concludes that the potential prejudice to the defendants in allowing the amendment cannot be cured by a continuance. Accordingly, the third and fourth factors regarding prejudice weigh in favor of granting Defendants' Motion to Strike and denying Plaintiff's Motion to Amend.

---

[30]Docket Control Order, Docket Entry No. 19.

[31]Plaintiff's Response in Opposition and Motion to Amend, Docket Entry No. 24, p. 5 ("The parties have not completed discovery in this case and, in fact, no depositions have been scheduled or taken, to date.").

**D.     Conclusions**

For the reasons stated above, the court concludes that plaintiff has failed to establish good cause as required by Rule 16(b)(4) to amend her pleadings after the deadline for doing so established by the court's scheduling order has expired because she has failed to establish a reasonable explanation for the delay, that the proposed amendments are important, that the defendants will not be prejudiced, or that a continuance would cure the prejudice to defendants. See Fed. R. Civ. P. 16(b)(4). This case will proceed as an individual action by Plaintiff McMinn.

## IV. Order

For the reasons stated in § III, above, Defendants' Motion to Strike Untimely Consent to Join Forms and Dismiss Opt-In Plaintiffs for Improper Joinder, Docket Entry No. 23, is **GRANTED**, and Plaintiff's Opposed Motion for Leave to File First Amended Complaint, Docket Entry No. 24, is **DENIED**.

**SIGNED** at Houston, Texas, on this 28th day of May, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE